UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------------------------X
CARLOS DIEHL GARCIA,

                            Plaintiff,                     Civil Action No.

                       -against-                     COMPLAINT

ANGEL LESTON LLC d/b/a CASA D'PACO,
ANGEL LESTON, and FRANCISCO LESTON,

                            Defendants.
---------------------------------------------------------------------------X

Plaintiff Carlos Diehl Garcia ("Diehl" or "Plaintiff"), by his attorneys, Katz Melinger PLLC, complaining of the defendants, Angel Leston LLC d/b/a Casa D'Paco ("Casa D'Paco"), Angel Leston ("Angel"), and Francisco Leston ("Francisco") (collectively, "Defendants"), respectfully alleges as follows:

### I. Nature of Action, Jurisdiction, and Venue

1. This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a) *et seq*., and the New Jersey Wage Payment Act, N.J.S.A. 34:11-4.1, *et seq.*

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3. This Court has supplemental jurisdiction over the claims arising under the New Jersey Wage and Hour Law, the New Jersey Wage Payment Act, and the New Jersey common law pursuant to 28 U.S.C. § 1367, in that the state law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5. Plaintiff Carlos Diehl Garcia is an individual residing in the state of New Jersey.

6. At all relevant times, Plaintiff was employed by Defendants as defined by 29 U.S.C. § 203(e), N.J.S.A. 34:11-56a1(h), and N.J.S.A. 34:11-4.1(b).

7. Defendant Angel Leston LLC d/b/a Casa D'Paco is a New Jersey limited liability company with its principal place of business located 73 Warwick St, Newark, New Jersey 07105.

8. Defendant Angel Leston is an individual residing, upon information and belief, in the state of New Jersey.

9. Defendant Francisco Leston is an individual residing, upon information and belief, in the state of New Jersey.

10. Upon information and belief, at all relevant times, Angel was and still is a "front of the house" manager at Casa D'Paco, and supervises the waitstaff.

11. Upon information and belief, at all relevant times, Francisco was and still is the head chef at Casa D'Paco.

12. Upon information and belief, at all relevant times, Angel and Francisco were and still are officers, directors, shareholders and/or persons in control of Casa D'Paco.

13. At all relevant times, Angel and Francisco were and still are senior management level employees of Casa D'Paco, who exercised significant control over the companies' operations and had the authority to hire, fire, and discipline employees, set employees' work

schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

14. Defendants are the owners and operators of Casa D'Paco, a restaurant located in Newark, New Jersey, that serves Spanish-style cuisine such as tapas.

15. Upon information and belief, Defendants' revenues are in excess of the minimum required to fall within the jurisdiction of the FLSA.

16. Defendants operate in interstate commerce.

17. All Defendants are subject to suit under the statutes alleged above.

### IV. Factual Allegations

18. Plaintiff worked for Defendants as a cook from in or around October 2016 until on or about October 5, 2017.

19. As a cook, Plaintiff's principal job responsibilities included preparing food, maintaining inventory, stocking the refrigerator, and cleaning the kitchen area.

20. Plaintiff also taught other cooks how to prepare certain dishes.

21. Plaintiff did not create recipes or determine menus.

22. Beginning in or around July 2017, Plaintiff oversaw the kitchen on days that Angel and/or Francisco were not working.

23. Plaintiff did not have the authority to hire, fire, or discipline other employees.

24. Plaintiff's suggestions and recommendations as to the hiring, firing, or other terms and conditions of the employment of other employees at the restaurant was not given particular weight by Defendants.

25. As head chef, Francisco supervised and managed the kitchen and its staff.

26. When Francisco was not present, Angel supervised and managed the kitchen and its staff.

27. Throughout his employment with Defendants, Plaintiff worked six (6) days per week, from Tuesday through Sunday.

28. On Tuesdays, Wednesdays, Thursdays and Sundays, Plaintiff worked from approximately 11:45 a.m. until 11:30 p.m., with a 30-minute lunch break each day.

29. On Fridays and Saturdays, Plaintiff worked from approximately 11:45 a.m. until 12:30 a.m., with a 30-minute lunch break each day.

30. In total, Plaintiff worked an average of approximately 70.5 hours per week throughout his employment with Defendants.

31. Plaintiff was a non-exempt employee under the FLSA and the New Jersey Wage and Hour Law.

32. Plaintiff regularly worked more than 40 hours per week during his employment with Defendants.

33. However, Plaintiff was not paid one and one-half times his regular hourly rate for every hour worked in excess of 40 per week.

34. Rather, throughout his employment with Defendants, Plaintiff was paid a fixed salary of $700.00 per week regardless of the number of hours that Plaintiff worked, with $500.00 paid by check and $200.00 paid in cash each week.

35. On or about October 5, 2017, Defendants terminated Plaintiff's employment.

36. However, Defendants failed to pay Plaintiff for his final week of work.

37. Therefore, Plaintiff received no compensation whatsoever for work performed during his final week of employment with Defendants.

38. Defendants' refusal to pay Plaintiff all wages owed to him is an intentional and willful violation of the FLSA and New Jersey's wage laws.

39. Plaintiff sustained substantial damages from the acts and omissions described herein.

**AS AND FOR A FIRST CAUSE OF ACTION**
(Failure to Pay Overtime in Violation of the FLSA)

40. Plaintiff repeats and realleges all prior allegations set forth above.

41. Pursuant to the applicable provisions of the FLSA, Plaintiff was entitled to overtime compensation of one and one-half times his regular hourly rate for all hours worked in excess of 40 per week.

42. Plaintiff regularly worked in excess of 40 hours per week during his employment with Defendants.

43. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half times their regular rate for each hour worked in excess of forty (40) in a workweek.

44. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

45. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

46. Judgment should be entered in favor of Plaintiff and against Defendants on the First Cause of Action in the amount of Plaintiff's unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION
(Failure to Pay Overtime in Violation of the New Jersey Wage and Hour Law)

47. Plaintiff repeats and realleges all prior allegations set forth above.

48. Pursuant to the applicable provisions of N.J.S.A. 34:11-56a(4), Plaintiff was entitled to an overtime wage of one and one-half times his regular hourly rate for all hours worked in excess of 40 per week.

49. Plaintiff regularly worked in excess of 40 hours per week during his employment with Defendants.

50. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek.

51. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with reasonable attorneys' fees, interest, and costs.

45. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of Plaintiff's unpaid overtime wages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Pay Minimum Wage in Violation of the FLSA)

52. Plaintiff repeats and realleges all prior allegations set forth above.

53. Pursuant to the applicable provisions of the FLSA, Plaintiff was entitled to the statutory minimum hourly wage for the hours he worked.

54. Defendants knowingly failed to pay Plaintiff the statutory minimum wage for the hours he worked during his final week of employment.

55. As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

56. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

57. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of his unpaid wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Pay Minimum Wage in Violation of New Jersey Wage Payment Law)

58. Plaintiff repeats and realleges all prior allegations set forth above.

59. Pursuant to the applicable provisions of the N.J.S.A. 34:11-56a(4), Plaintiff was entitled to the statutory minimum hourly wage for the hours he worked.

60. Defendants knowingly failed to pay Plaintiff the statutory minimum wage for the hours that he worked during his final week of employment.

61. As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

62. Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action in the amount of his unpaid wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Timely Pay Wages in Violation of New Jersey Wage Payment Law)

63. Plaintiff repeats and realleges all prior allegations.

64. At all relevant times, Defendants failed to pay Plaintiff the full amount of wages due to him at least twice during each calendar month, on regular paydays designated in advance, in violation of N.J.S.A. 34:11-4.2.

65. Defendants also failed to pay Plaintiff all wages due to him not later than the regular payday for the pay period in which he was terminated, in violation of N.J.S.A. 34:11-4.3.

66. As a result of Defendants' violations of the law and failure to pay Plaintiff all wages due in a timely manner, Plaintiff has been damaged and is entitled to recover from Defendants all unpaid wages, along with interest and costs.

67. Judgment should be entered in favor of Plaintiff and against Defendants on the Fifth Cause of Action for all unpaid wages, interest, costs, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE** Plaintiff prays for relief as follows:

a) on the First Cause of Action for all overtime wages due to Plaintiff, an additional award of one hundred percent of all wages due, and all reasonable attorneys' fees in an amount to be determined by this Court;

a) on the Second Cause of Action for all unpaid overtime wages due to Plaintiff, liquidated damages and all reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Third Cause of Action for all unpaid minimum wages due to Plaintiff, liquidated damages, and all reasonable attorneys' fees, in an amount to be determined by this Court;

c) on the Fourth Cause of Action for all unpaid minimum wages due to Plaintiff, and all reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fifth Cause of Action for unpaid wages due to Plaintiff, in an amount to be determined by this Court;

e) interest;

f) costs and disbursements; and

g) such other and further relief as is just and proper.

Dated: New York, New York
December 27, 2017

*/s/ Adam Sackowitz*
Adam Sackowitz
KATZ MELINGER PLLC
280 Madison Avenue, Suite 600
New York, New York 10016
(212) 460-0047
ajsackowitz@katzmelinger.com
*Attorney for Plaintiff*