# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and between Carlos Diehl Garcia ("Diehl Garcia" or "Plaintiff"), on the one hand, and Angel Leston LLC d/b/a Casa D'Paco ("Casa D'Paco"), Angel Leston ("Angel"), and Francisco Leston ("Francisco") (collectively, "Defendants" and, together with Plaintiff, the "Parties"), on the other hand:

WHEREAS, on or about December 27, 2017, Plaintiff commenced an action against Defendants entitled *Diehl Garcia v. Angel Leston LLC d/b/a Casa D'Paco, et al.*, 17-cv-13684, in the United States District Court for the District of New Jersey (the "Pending Action");

WHEREAS, on or about February 20, 2018, Defendants filed an Answer denying all material allegations in the Pending Action;

WHEREAS, the Parties desire to resolve the Pending Action and to settle all claims raised in or by the Pending Action, without further litigation or adjudication;

**NOW, THEREFORE, IT IS HEREBY AGREED**, by and between Plaintiff and Defendants, as follows:

1. **No Admission of Liability**. Defendants, as a part of this Agreement, do not admit any violation of law or any liability to Plaintiff as a result of or arising out of the matters set forth in the Pending Action and/or Plaintiff's employment relationship with Defendants or separation therefrom.

2. **Consideration**. Upon the full execution of this Agreement, including the Stipulation of Discontinuance Without Prejudice (in the form annexed hereto as Exhibit A), Defendants agree to pay Plaintiff the total sum of Twenty-Five Thousand Dollars ($25,000.00) (the "Settlement Payment"), as follows:

 a. On or before August 1, 2018:

  i. To Carlos Diehl Garcia, one check in the amount of Four Thousand Forty-Four and 59/100 Dollars ($4,044.59), less applicable taxes and withholdings, which shall be reported on an IRS Form W-2 as and for unpaid wages; and

  ii. To Carlos Diehl Garcia, one check in the amount of Four Thousand Forty-Four and 58/100 Dollars ($4,044.58), from which no withholdings shall be taken, which shall be reported on an IRS Form 1099 as and for liquidated damages; and

  iii. To Katz Melinger PLLC, one check in the amount of Four Thousand Seven Hundred Seventy-Seven and 08/100 Dollars ($4,777.08), from which no withholdings shall be taken, which shall be reported on an IRS Form 1099, as and for costs in the amount of Seven Hundred Thirty-Two and 50/100 Dollars ($732.50) and attorneys' fees in the amount of Four Thousand Forty-Four and 58/100 Dollars ($4,044.58).

 b. On or before September 1, 2018:

  i. To Carlos Diehl Garcia, one check in the amount of Four Thousand Forty-Four and 58/100 Dollars ($4,044.58), less applicable taxes and withholdings, which shall be reported on an IRS Form W-2 as and for unpaid wages; and

  ii. To Carlos Diehl Garcia, one check in the amount of Four Thousand Forty-Four and 58/100 Dollars ($4,044.58), from which no withholdings shall be taken, which shall be reported on an IRS Form 1099

> as and for liquidated damages; and
>
>> iii. To Katz Melinger PLLC, one check in the amount of Four Thousand Forty-Four and 59/100 Dollars ($4,044.59), from which no withholdings shall be taken, which shall be reported on an IRS Form 1099, as and for attorneys' fees.

3. **Timing of Payments.** Defendants shall deliver the Settlement Payment to Plaintiff's counsel, Katz Melinger PLLC, 280 Madison Avenue, Suite 600, New York, New York 10016, on or before the dates specified in Paragraph 4(a) and (b) above. Should Defendants or their counsel fail to timely deliver the Settlement Payment to counsel for Plaintiff as described herein ("Default"), then counsel for Plaintiff shall notify Defendants, through Defendants' counsel, of the Default in writing ("Notice of Default"). The Notice of Default shall be delivered to counsel for Defendants, Robert DeGroot, via email to robertjdegroot@aol.com and via regular mail to Robert J. DeGroot, Esq., 56 Park Place, Newark, New Jersey 07102. Delivery of the Notice of Default to counsel for Defendants by either email or regular mail shall constitute receipt of the Notice of Default by Defendants. Defendants expressly acknowledge and agree that Defendants' failure to timely cure the Default within seven (7) days of receipt of the Notice of Default shall constitute a material breach of this Agreement ("Breach"). In the event of a Breach, the Parties agree that Plaintiff may immediately notify the Court of the Breach and request that the Pending Action proceed.

4. **Indemnification.** Plaintiff agrees to indemnify and hold Defendants harmless against any and all tax liabilities, claims, damages, and costs, including reasonable attorneys' fees, that Defendants may incur as a result of Plaintiff's failure to pay any taxes on the

Settlement Payment. Plaintiff shall bear no responsibility for or in connection with the failure of any of the Defendants to make any employers' contributions to payroll taxes related to the Settlement Payment.

5. **Dismissal of Pending Action**. Plaintiff agrees that, upon the full and timely delivery of the Settlement Payment to counsel for Plaintiff, Plaintiff, through its attorneys, shall execute and deliver to counsel for Defendants a Stipulation of Discontinuance with Prejudice of the Pending Action, in the form annexed hereto as Exhibit A, with each party bearing its own fees and costs. Upon receipt, counsel for Defendants may execute and file the Stipulation of Discontinuance with Prejudice with the United States District Court, District of New Jersey, without further notice.

6. **Court Approval.** This Agreement is subject to the approval of the Court. Should the Court direct the Parties to modify any portion of this Agreement prior to approval, then the parties will engage in good faith negotiations and make best efforts to modify the Agreement in order to obtain the Court's approval. Should the Court fail to approve this Agreement after the Parties' good faith efforts to modify its terms, then this Agreement shall be null and void and shall have no further effect. Upon the Court's approval of this Agreement, the Parties consent to the issuance of a 60-Day Order, in the form annexed hereto as Exhibit B, which shall keep the Pending Action open until a date not less than thirty (30) days after the date on which Defendants are required to deliver the final portion of the Settlement Payment to counsel for Plaintiff.

7. **Release by Plaintiff.** In consideration of the promises and actions of Defendants set out in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, except for the Defendants' obligations under this

Agreement, Plaintiff hereby waives, releases, satisfies, and discharges, on his own behalf and on behalf of anyone who could claim by and through him, Defendants, including their successors and assigns, of and from any and all claims for damages, salaries, wages, compensation, spread-of-hours pay, statutory damages, overtime compensation, monetary relief, and any other benefits of any kind, earnings, back pay, liquidated, and other damages, interest, attorneys' fees, and costs, for any claim brought, or that could have been brought, under the Fair Labor Standards Act ("FLSA"), the New Jersey Wage Payment Act, the New Jersey Wage and Hour Law, and/or any local, state, or federal wage statute, code, or ordinance relating to wage and hour claims raised, or that could have been raised, in the Pending Action (collectively referred to herein as the "Disputes").

It is expressly agreed and acknowledged that the Disputes do not include, and Plaintiff is therefore not releasing, any claims, obligations, debts, liabilities, demands, or causes of action of any kind whatsoever arising under any federal, state or local statute or regulation other than those concerning wage and hour claims that Plaintiff may or may not have against Defendants, including Plaintiff's rights to enforce the terms of this Agreement. It is further expressly agreed and acknowledged that the Disputes do not include, and Plaintiff is therefore not releasing, any claims or rights which as a matter of law cannot lawfully be waived or released, including but not limited to filing a claim with the United States Equal Employment Opportunity Commission related to Plaintiff's employment with Defendants. Plaintiff hereby represents that he is not aware of any claims against Defendants apart from those asserted in the Pending Action.

8. **Release by Defendants.** Defendants knowingly and voluntarily release and forever

discharge, to the fullest extent permitted by law, Plaintiff, his successors and heirs, and all of his past, present, and future representatives, agents, or attorneys, of and from any and all claims, known or unknown, which Defendants have or may have against Plaintiff up to and including the date Plaintiff signs this Agreement, including, but not limited to, any alleged violation of any federal, state, local or other law, rule, regulation, constitution, code, guideline or ordinance, any public policy, contract, tort law or common law, or any statute, common law, agreement, or other basis for seeking or recovering any award of costs, fees, or other expenses, including but not limited to attorneys' fees and/or costs.

9. **Neutral References.** Defendants agree that, in response to any reference request concerning the Plaintiff, Defendants shall only provide Plaintiff's dates of employment and job title from his employment with Defendants, and shall provide no further information concerning Plaintiff's employment with Defendants.

10. **Governing Law.** This Agreement is to be construed and governed under the laws of the State of New Jersey, without regard to its choice of law considerations, and shall bind the Parties and their respective heirs, estates, successors, and assigns. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions shall continue in full force and effect notwithstanding. Plaintiff acknowledges that he has not previously transferred, assigned, or conveyed any right or claim released in this Agreement.

11. **Severability.** Should any part of this Agreement be declared by a court of competent jurisdiction to be illegal or invalid, the remainder of the Agreement shall remain valid and in effect, with the invalid provision deemed to conform to a valid provision most

closely approximating the intent of the invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be a part of the Agreement.

12. Attorneys' Fees and Costs. It is further agreed that each party shall bear its own costs and attorneys' fees incurred in negotiating and preparing this Agreement and in connection with the Pending Action, except as otherwise specifically enumerated above.

13. **Voluntary Settlement**. Plaintiff hereby represents and warrants that he has entered into this Agreement of his own free will and accord.

14. **Venue**. The Parties hereto acknowledge that this Agreement is enforceable only in the federal and state courts of New Jersey. Plaintiff and Defendants hereby waive any pleas of improper jurisdiction or venue in the United States District Court for the District of New Jersey, and hereby specifically authorize any action brought upon the enforcement of this Agreement to be commenced or filed in any court or agency of proper jurisdiction in the State of New Jersey.

15. **No Other Representations or Agreements**. Each Party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement.

16. **No Modification Except In Writing**. This Agreement cannot be modified or changed except by a writing, signed by the Parties, with specific reference to this Agreement.

17. **Execution In Counterparts.** This Agreement may be executed in counterparts by

versa.

19. Plaintiff understands, represents, and agrees that he:

   a. Has carefully read and fully understood all of the provisions of this Agreement;

   b. Is, through this Agreement, releasing Defendants from any and all wage and hour claims that Plaintiff may have against Defendants relating to Plaintiff's employment with Defendants, or Plaintiff's separation from employment with Defendants;

   c. Knowingly and voluntarily agrees to all of the terms set forth in this Agreement;

   d. Knowingly and voluntarily intends to be legally bound by this Agreement;

   e. Was advised to consider the terms of this Agreement with counsel, and has consulted with counsel prior to executing this Agreement; and

   f. Is duly authorized and has full authority to execute this Agreement.


Dated: 1 day of August, 2018          Dated: ___ day of _____, 2018

                                       Angel Leston LLC d/b/a Casa D'Paco

_____Carlos_____                       _____
Carlos Diehl Garcia                    By: Angel Leston, Owner

                                       Dated: ___ day of _____, 2018


                                       _____
                                       Angel Leston

8

each Party, and each executed Agreement, when taken together, shall constitute a complete Agreement. A copy of a signature shall suffice as an original.

18. **Number.** The use of the singular form of any word herein includes the plural and vice versa.

19. **Plaintiff understands, represents, and agrees that he:**

   a. Has carefully read and fully understood all of the provisions of this Agreement;

   b. Is, through this Agreement, releasing Defendants from any and all wage and hour claims that Plaintiff may have against Defendants relating to Plaintiff's employment with Defendants, or Plaintiff's separation from employment with Defendants;

   c. Knowingly and voluntarily agrees to all of the terms set forth in this Agreement;

   d. Knowingly and voluntarily intends to be legally bound by this Agreement;

   e. Was advised to consider the terms of this Agreement with counsel, and has consulted with counsel prior to executing this Agreement; and

   f. Is duly authorized and has full authority to execute this Agreement.

Dated: ___ day of _____, 2018

_____
Carlos Diehl Garcia

Dated: 30th day of July, 2018

Angel Leston LLC d/b/a Casa D'Paco

_____
By: Angel Leston, Owner

8

Dated: 30th day of July, 2018

_____
Angel Leston

Dated: 30th day of July, 2018

_____
Francisco Leston

9

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------------------------------X
CARLOS DIEHL GARCIA,

                                      Plaintiff,                    Civil Action No.
                                                                          17-cv- 13684

                              -against-

ANGEL LESTON LLC d/b/a CASA D'PACO, ANGEL LESTON,
and FRANCISCO LESTON,

                                      Defendants.
---------------------------------------------------------------------------------X

## **STIPULATION AND ORDER OF DISCONTINUANCE WITH PREJUDICE**

**WHEREAS,** on December 27, 2017, Plaintiff filed a Complaint, which asserts claims for, *inter alia*, minimum wage and overtime violations under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New Jersey Wage Payment Act ("NJWPA"); and failure to timely pay wages under the New Jersey Wage and Hour Law ("NJWHL");

**WHEREAS,** the parties reached a settlement of this action and have entered into a Settlement Agreement and Release, filed on the Court's docket (the "Agreement"), formally memorializing the parties' settlement; and

**WHEREAS,** the terms of the Agreement, which are incorporated herein by reference, have been reviewed by the Court and are approved and considered a fair and reasonable resolution of, *inter alia*, a bona fide dispute over a provision or provisions of the FLSA, NJWPA, and NJWHL; and

**WHEREAS,** Defendants have made all payments to Plaintiff as set forth in the Agreement;

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, counsel for the Parties, and ordered by this Court, that this action be hereby dismissed in its entirety

and discontinued with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure; and

**IT IS FURTHER STIPULATED AND AGREED** that a copy of the signatures on this Stipulation shall serve the same purposes as an original signature.

Dated: New York, New York

    \_\_\_ day of _____, 2018

| | |
|---|---|
| _____ | _____ |
| Adam Sackowitz | Robert J. DeGroot |
| Katz Melinger PLLC | Robert J. DeGroot, Esq. |
| 280 Madison Avenue, Suite 600 | 56 Park Place |
| New York, New York 10016 | Newark, New Jersey 07102 |
| (212) 460-0047 | (973) 643-1930 |
| ajsackowitz@katzmelinger.com | robertjdegroot@aol.com |
| Attorneys for Plaintiff | Attorney for Defendants |

So Ordered:

_____

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------------------X
CARLOS DIEHL GARCIA,

                        Plaintiff,                  Civil Action No.
                                                            17-cv- 13684

                  -against-

ANGEL LESTON LLC d/b/a CASA D'PACO, ANGEL LESTON,
and FRANCISCO LESTON,

                        Defendants.
-------------------------------------------------------------------------------X

## **ORDER OF DISMISSAL**

The Court having been advised by counsel for all parties that the above matter has been settled, and the Court, having scrutinized and approved the terms of the parties' settlement agreement;

**IT IS ORDERED** that this action is hereby DISMISSED, with prejudice as to the parties, provided that any of the parties may, upon good cause shown within sixty (60) days, reopen the action if the defendants fail to timely deliver all settlement payments due to the plaintiff, or his counsel, pursuant to the parties' settlement agreement;

**AND IT IS FURTHER ORDERED** that the Court retains jurisdiction to enforce the settlement agreement or continue these proceedings should the defendants fail to so timely deliver all settlement payments due under the settlement agreement. *See* Fed. R. Civ. P. 41(a)(2); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994).

Dated: _____, 2018

                                    SO ORDERED:    _____
                                                                       Hon. Leda D. Wettre
                                                                       United States Magistrate Judge