UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------X
CARLOS DIEHL GARCIA,

                              Plaintiff,                Civil Action No. 17-cv-13684

                -against-

ANGEL LESTON LLC d/b/a CASA D'PACO,
ANGEL LESTON, and FRANCISCO LESTON,

                             Defendants.
------------------------------------------------------------------X

## ~~DECISION AND~~ ORDER APPROVING SETTLEMENT

Before this Court is the parties' agreement to settle plaintiff Carlos Diehl Garcia's ("Plaintiff") claims against defendants Angel Leston LLC d/b/a Casa D'Paco ("Casa D'Paco"), Angel Leston ("Angel"), and Francisco Leston ("Francisco") (collectively, "Defendants" and together with Plaintiff, the "Parties"), which include claims for minimum wage and overtime violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"); the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a(4); and the New Jersey Wage Payment Law. The Parties request that the Court approve the settlement agreement, a copy of which was filed with the Court on August 1, 2018 (Dkt. No. 24), and discontinue this action with prejudice pursuant to Fed. R. Civ. P. 41.

To approve an FLSA settlement agreement in the Third Circuit, the court must determine that, "the compromise reached is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Davis v. Essex Cty.*, 2015 WL 7761062, at *2 (D.N.J. Dec. 1, 2015). "In determining whether a compromise is fair and reasonable, courts in this Circuit consider both (1) whether the compromise is fair and reasonable to the employee, and (2) whether the compromise otherwise frustrates the implementation of the FLSA." *Id.*; *see also, Singleton v. First Student Mgmt. LLC*,

2014 WL 3865853, at *8 (D.N.J. Aug. 6, 2014); *In re Chickie's & Pete's Wage & Hour Litig.*, 2014 WL 911718, at *2 (E.D. Pa. Mar. 7, 2014).

On July 11, 2018, the Parties conducted a settlement conference with the Court; therefore, the Court is fully familiar with the facts and circumstances of this matter. For the reasons stated below the Court approves this settlement as fair and reasonable.

Plaintiff claims to have worked approximately seventy and one-half (70.5) hours per week during his employment with Defendants, which spanned approximately one (1) year. Plaintiff claims that throughout his employment with Defendants, Plaintiff did not receive overtime wages for all hours worked in excess of forty (40) hours per week. Defendants allege that Plaintiff did not work the hours claimed; deny Plaintiff worked in excess of forty (40) hours per week; and claim that numerous witnesses can testify in support of Defendants' position. These positions would lead to protracted litigation and likely a trial if not resolved. Further, the Parties indicate a mutual desire to resolve the litigation based on Defendants' financial condition and Plaintiff's current residence outside of the United States.

After reviewing the allegations and positions of the Parties, the Court finds that i) all Parties were represented by competent counsel; ii) the Parties negotiated at arms-length to resolve a bona-fide dispute; and iii) the amount of the settlement is not a mere waiver of statutory rights. The Court further finds that Plaintiff's counsel's fee of $8,089.17 is reasonable, as it is less than the lodestar calculations of Plaintiff's counsel's time.

The Court having been advised by counsel for all Parties that the above matter has been settled, and the Court, having scrutinized and approved the terms of the Parties' settlement agreement;

**IT IS ORDERED** that this action is hereby DISMISSED, with prejudice as to the Parties, provided that any of the Parties may, upon good cause shown within sixty (60) days, reopen the action if Defendants fail to timely deliver all settlement payments due to Plaintiff, or his counsel, pursuant to the Parties' settlement agreement;

**AND IT IS FURTHER ORDERED** that the Court retains jurisdiction to enforce the settlement agreement or continue these proceedings should Defendants fail to so timely deliver all settlement payments due under the settlement agreement. *See* Fed. R. Civ. P. 41(a)(2); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994).

*[handwritten:]* The Motion To Approve Settlement at ECF No. 28 is hereby terminated.

Dated: Sept. 17, 2018

**SO ORDERED:**

/s/ Leda D. Wettre
Hon. Leda D. Wettre
United States Magistrate Judge